**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Malcolm R. Hutchins,<br><br>Plaintiff,<br><br>vs.<br><br>Paul R. Hutchins; and Capital Gains, LLC, a South Carolina Limited Company,<br><br>Defendants. | C/A No.: 9:24-cv-1174-DCN<br><br><br>**JOINT ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |

In addition to the requirements set forth in the Fed. R. Civ. P. 26(f) for a report to the Court,

Malcolm R. Hutchins ("Plaintiff") and Paul R. Hutchins and Capital Gains, LLC, a South Carolina

Limited Company ("Defendants") (hereinafter referred to collectively as the "Parties"), by through

their counsel of record, jointly submit this report pursuant to Local Civil Rule 26.03(A) D.S.C.

1.     A short statement of the facts of this case.

**This action arises out of a claim for interest in real property located on Hilton Head Island, South Carolina and alleged breach of partnership and/or contractual obligations and an accounting. The Plaintiff brought the above-captioned action alleging a declaratory judgment. The Defendant filed counterclaims for declaratory judgment likewise seeking determination of the parties legal rights and responsibilities.**

2.     The names of fact witnesses likely to be called by the party and a brief summary of their

expected testimony.

**Response:     Plaintiff and Defendants identifies the following witnesses:**

| a. | Paul R. Hutchins, Defendant | Knowledge of the facts and circumstances alleged in the pleadings. |
|---|---|---|
| b. | Malcolm R. Hutchins, Plaintiff | Knowledge of the facts and circumstances alleged in the pleadings. |

1

| c. | Paul R. Hutchins, as Representative of Capital Gains, LLC | Knowledge of the facts and circumstances surrounding the Subject Incident and the claim for alleged damages. |
|---|---|---|
| d. | The Vacation Company located on Hilton Head Island, South Carolina | Property manager for the home at issue in this lawsuit |
| e. | The Parties also expressly reserve the right to call any witnesses identified during discovery, identified by other parties, or called to rebut the testimony of any other witnesses. | |

3.      The names and subject matter of expert witnesses (if no witnesses have been identified, the

subject matter and field of expertise should be given as to experts likely to be offered).

**Response:       The Parties have not yet retained any experts at this time. The Parties anticipate calling expert witnesses to provide testimony on financial and accounting matters relevant to the facts and circumstances alleged in the pleadings.  Should the Parties retain experts, that information will be provided to this District Court and counsel of record according to applicable *Federal Rules of Civil Procedure* and the Parties' proposed Consent Amended Scheduling Order.**

4.      A summary of the claims or defenses with statutory and/or case citations supporting the

same.

**Response:       The Parties believe the following statutes, ordinances, and case citations are applicable to this case:**

**Plaintiff:**

| | South Carolina common law regarding breach of contract and estoppel applies to this case, including the following: |
|---|---|

| a. | Contract: A contract is an agreement between two or more parties who each promises to perform certain acts.  A contract arises from an actual agreement of the parties manifested by words, oral or written, or by conduct.  *Timmons v. McCutcheon*, 284 S.C. 4, 324 S.E.2d 319 (Ct. App. 1984).  The paramount rule in interpreting a contract is to ascertain the intention of the parties and then put these intentions into effect.  *E.g., D.A. Davis Constr. Co. V. Palmetto Properties, Inc.,* 281 S.C. 415, 315 S.E.2d 370 (1984).   If the language of the contract is ambiguous, or capable of more than one inference, the finder of fact may consider the circumstances that surround the making of the contract in order to determine the intention of the parties. *Columbia East Assoc. v. Bi-Lo, Inc., 299 S.C. 515, 386 S.E.2d 259* (Ct. App. 1989).  A breach of contract is a failure without legal excuse to perform any promise that forms a whole or part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence.   A breach occurs where one party to a contract fails to carry out a term, promise, or condition of the contract. |
| --- | --- |
| b. | Estoppel: The elements of estoppel are: (1) ignorance of the party invoking it of the truth as to the facts in question, (2) representations or conduct of the party estopped which mislead, (3) reliance upon such representations or conduct, and (4) prejudicial change of position as a result or such reliance.  *E.g.,  Standard Fire Co. v. Marine Contracting and Towing Co.*, 301 S.C. 418, 421, 392 S.E.2d 460,. 462 (1990). |

**Defendant:**

| a. | Failure to State Facts Sufficient to Constitute a Cause of Action. | Plaintiffs' Complaint fails to state facts sufficient to constitute any claim upon which relief can be granted and, therefore, should be dismissed. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). |
| --- | --- | --- |

| b. | Comparative Negligence and Assumption of the Risk | Any damages allegedly sustained by Plaintiffs were the sole and proximate result of Plaintiffs' assumption of the risk and their own negligent, grossly negligent, willful, wanton, and/or reckless conduct, which conduct exceeds any negligence of these Defendants, which is denied. Plaintiffs' comparative negligence and assumption of the risk acts as a complete bar to Plaintiffs' recovery or requires that any recovery obtained by Plaintiffs must be reduced in proportion to the amount of their own negligence. *Jackson v. United States*, No. 4:16-CV-03219-RBH, 2018 WL 1755503 (D.S.C. Apr. 12, 2018); *Boling v. Mohawk Indus., Inc.*, No. 3:09-CV-00046-JFA, 2010 WL 2998470 (D.S.C. July 27, 2010). |
| --- | --- | --- |
| c. | Intervening Acts | Any damages allegedly sustained by Plaintiffs, which are denied, were solely caused by the acts or omissions of parties or persons other than Defendants, over whom Defendants had no control, which acts or omissions constitute the intervening and superseding cause of Plaintiffs' alleged damages, if any, which are denied, and bar Plaintiffs' claims against Defendants. *Atanassova v. Gen. Motors LLC*, No. 2:20-CV-01728-RMG, 2021 WL 1946504 (D.S.C. Mar. 3, 2021). |
| d. | Laches/Estoppel/Waiver | Plaintiffs' claims are barred in whole or in part by the doctrine of laches/estoppel/waiver. *White v. Daniel*, 909 F.2d 99 (4th Cir. 1990), *cert denied*, 501 U.S. 1260 (1991). |

| | | |
|---|---|---|
| e. | Unconstitutionality of Punitive Damages | The imposition of punitive or exemplary damages would violate Defendants' constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as the excessive fines clause in the Eighth Amendment to the Constitution of the United States and the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, and the equivalent or correlative applicable provisions in the Constitutions, common law, public policy, applicable statutes and court rules of applicable state law.  Plaintiffs are entitled to all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and applicable state law. *Founders Ins. Co. v. Richard Ruth's Bar & Grill LLC*, No. 2:13-CV-03035-DCN, 2016 WL 3189213 (D.S.C. June 8, 2016), aff'd, 761 F. App'x 178 (4th Cir. 2019). |
| f. | Lack of Causal Connection | Although Defendants deny all allegations of the Complaint with regard to culpability on their part, Defendants assert that if Plaintiffs prove injury, any causal connection between these Defendants and such injury is too remote, indefinite and speculative to serve as the basis of recovery against these Defendants. *Fairchild v. S.C. Dep't of Transp.*, 398 S.C. 90, 727 S.E.2d 407 (2012). |
| g. | Compliance With Applicable Standard of Care | Defendants allege the causes of action included in Plaintiffs' Complaint are barred in whole or in part because Defendants, at all times, complied with the applicable standard of care. |

5

| h. | Sole Negligence | Defendants allege any damages allegedly sustained by Plaintiffs, which are denied, were solely caused by the negligence, acts, or omissions of parties or persons other than Defendants, over whom Defendants had no control. *Atanassova v. Gen. Motors LLC*, No. 2:20-CV-01728-RMG, 2021 WL 1946504 (D.S.C. Mar. 3, 2021). |
| --- | --- | --- |
| i. | Reservation of Rights to Add Additional Defenses. | Defendants reserve the right to assert any additional defenses and matters in avoidance, which may be disclosed during the course of additional investigation and discovery. *Floyd v. Ohio Gen. Ins. Co.*, 701 F. Supp. 1177 (D.S.C. 1988). |

5.  Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in [DSC] Local Civil Rule 16.02:

    a.  Exchange of Rule 26(a)(2), FRCivP, expert disclosures.

    **Response:   Pursuant to the Scheduling Order, the Plaintiffs' expert disclosures are due on or before December 19, 2024, and Defendants' expert disclosures are due on or before January 21, 2025.**

    b.  Completion of discovery.

    **Response:   Pursuant to the Scheduling Order, the discovery deadline is May 9, 2025.**

6.  The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.  See generally DSC Local Civil Rule 16.02(C) (Content of Scheduling Order).

    **Response:   None that the parties are aware of at this time.**

7.  The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge

    **Response:   Not applicable.**

s/David J. Parrish

David J. Parrish (Fed ID #6261)
MAYNARD NEXSEN PC
205 King Street, Suite 400
Charleston, SC  29401
Phone: 843.720.1771
E-mail: dparrish@maynardnexsen.com

**Attorney For Plaintiff Malcolm R. Hutchins**

s/R. Nicholas Felix

R. Nicholas Felix (Fed ID #06672)
Anna W. Mobley (Fed ID #14166)
BUTLER SNOW, LLP
25 Calhoun Street, Suite 250
Charleston, SC  29401
Phone:  843-277-3700
Facsimile:  843-277-3701
E-mail: nick.felix@butlersnow.com
E-mail: anna.mobley@butlersnow.com

**Attorneys for Defendants PAUL R. HUTCHINS and CAPITAL GAINS, LLC, a South Carolina Limited Liability Company**

October 10, 2024

Charleston, SC